# CHARLESTON.

WILLIAM DAY v. R. E. WOOD LUMBER CO.

Submitted March 7, 1916.   Decided March 21, 1916.

1. PARTITION—*Decree—Construction—Ambiguous Descriptive Matter.*
    Inconsistent general and particular descriptions of the tracts of land allotted by a decree of partition have the same force and effect as are accorded to them in deeds, and, if a decree in which they appear is shown to be latently ambiguous, by application thereof to its subject matter, its interpretation is governed by the rules and principles applicable in the interpretation of ambiguous descriptive matter in deeds. (p. 22).

2. SAME—*Decree—Ambiguous Descriptions.*

A decree confirming a verbal partition, containing general descriptions of the lots or parcels of land, awarded to the parties as their separate and individual property, and also particular descriptions thereof based upon an actual survey which apparently and supposedly agrees in all respects with the plat but which is shown not to do so, by application thereof to its subject matter, is latently ambiguous. (p. 22).

3. BOUNDARIES—*Ambiguous Descriptions.*

Calls for monuments and marked lines in such a decree yield to inconsistent and ordinarily inferior calls for length of lines, aided by the plat and specifications of quantity in contiguous parcels of the land divided and prior claims of title in conformity with the plat and specifications of quantity. (p. 23).

4. TRIAL—*Decree—Construction—Question for Court.*

Interpretation of the descriptive clause in a decree of partition, not dependent in any way upon extrinsic evidence, and also of one dependent upon undisputed extrinsic facts, is a question for the court and not for the jury. (p. 20).

Error to Circuit Court, McDowell County.

Action by William Day against the R. E. Wood Lumber Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*R. O. Crockett* and *Strother, Taylor & Taylor,* for plaintiff in error.

*Anderson, Strother, Hughes & Curd* and *Joseph M. Crockett,* for defendant in error.

POFFENBARGER, JUDGE:

In this action of assumpsit for the value of 210 trees cut and removed from a tract of land containing 11.19 acres, founded upon a claim of title to the land, the jury returned a verdict for the plaintiff, in obedience to a peremptory instruction by the court so to do, given upon the assumption of lack of controversy as to the material facts, and judgment was rendered thereon.

In its treatment of the issue as one of law, the court was manifestly right. The question of title depends altogether

upon the construction of a decree of partition, which, if unambiguous, gives the defendant the land and timber, and, if latently ambiguous and its meaning determinable by reference to the pleadings, the nature of the suit in which it was entered and the relation of the parties, vests the title in the plaintiff. None of the facts to which resort may be had for solution of the ambiguity, if there is one, are disputed. In either aspect of the case, the interpretation of the decree was matter of law for the court, to be made effective by rulings upon motions invoking the aid of the court. *Mylius* v. *Raine-Andrew Lumber Co.,* 69 W. Va., 346. Hence, the only inquiries on the writ of error, are whether the decree is ambiguous and, if so, whether the court properly interpreted it.

It was made in a friendly suit in equity instituted for the purpose, among others not material here, of carrying into adjudication a verbal partition of a tract of land containing more than 400 acres, made in March 1899, by means of a survey marked out on the land, reduced to writing and platted, and an allotment of the tracts or parcels among the cotenants. The bill exhibited the plat and written description of the tracts and the decree confirmed the partition so made and adjudged, ordered and decreed that the parties thereto and their assigns have and hold in severalty the tracts or parcels allotted to them therein, out of which some of them had made sales. Tract No. 1 described as containing 100 acres went to Amanda Mundy; tract No. 2, 87¼ acres, to S. T. Litz; tract No. 3, 87¼ acres, to Hutoka Mundy; tract No. 4, 87¼ acres to T. L. Knight and Rhoda J. Brooks, vendees of Sarah J. Dillion, one of the original cotenants; and tract No. 5, 87¼ acres, to Frank Brewster, Geo. Wooldridge and Louerie Brewster, vendees of Geo. W. Marrs, one of the original cotenants. The dispute arises over the division line between tract No. 2, conveyed by S. T. Litz to William Day, the plaintiff, by a deed dated, January 9, 1908, and tract No. 3 still owned by Hutoka Mundy.

In the survey, copied in the decree as matter of description, this line is described as commencing at a corner stake near a large poplar, 40 poles distant from another corner common to said tract and tract No. 1, and running thence

N. 45° W. 302 poles to two small maples and a chestnut in a line of the original tract. These corners are all identified, definitely located and undisputed, and the lines between them were actually surveyed and marked as partition lines. But the southern line described as being 40 poles long, is found to be only 33 poles long, making tract No. 2 narrower by 7 poles than it was represented and believed to be, as the same discrepancy as to width obtain throughout its entire length; and less in area, by 11.19 acres, than the decree represents it to be. In support of his contention that the calls for distance and area should be allowed to control the calls for monuments, the plaintiff introduced the bill in the chancery cause and its exhibits, one of which was a plat of the tracts as allotted to the parties. This plat designates no monuments but gives courses and distances and the areas of the several tracts. It describes the southern line of tract No. 2 as being 40 poles long and tracts Nos. 2 and 3 as containing equal quantities. The decree itself adopts both the plat and the survey; in terms, confirming the partition "as shown by the plat of the said Surveyor, T. R. Myers, filed as an exhibit with the bill in this cause," adjudging "that the said parties do hold in severalty the said shares so partitioned as follows, to-wit," and then describing each tract agreeably to the survey calling for the monuments. The court and parties must have regarded the plat and survey as being identical, but the effort to apply the description to its subject matter reveals the contradiction and inconsistency above mentioned and pointed out.

If the general, as well as the particular, description may be considered upon the inquiry for the meaning and effect of the decree, its latently ambiguous character is manifest. That both are to be considered, when found in a deed, is placed beyond question by the authorities. *Mylius* v. *Raine-Andrew Lumber Co.,* 69 W. Va. 346; *Herbert* v. *Wise,* 3 Call. 239. No reason for denial of the application of the rule, in the construction of a decree, is perceived. Both descriptions are primary matter in a decree as well as in a deed. They are here, undoubtedly, for the decree proceeds upon the assumption of identity of the subject matter of the two descriptions.

One is as much a part of it as the other. Deeds latently ambiguous and made under and by virtue of decrees and in the descriptive terms thereof, are construed as other deeds, *Mylius* v. *Raine-Andrew Lumber Co.*, cited, and *Campbell* v. *Winding Gulf Colliery Co.*, 72 W. Va. 449, and this could not be so, if the decree and deed were governed by different rules of interpretation, as to the effect of descriptive matter. Moreover, for the meaning of an uncertain decree, resort may be had to the pleadings and purpose of the suit. *St. Lawrence Co.* v. *Holt & Mathews*, 51 W. Va. 352, 373; *Walker's Ex'r* v. *Page*, 21 Gratt. 636; *Burging* v. *McDowell*, 30 Gratt. 236; *Norvell* v. *Lessueur*, 33 Gratt. 222.

Ordinarily, a call in a deed for an identified monument or marked line controls and prevails over an inconsistent call for course or distance; but this rule and its application are generally declared in cases in which no additional circumstance indicating contrary intention of the parties, is disclosed by the deed or admissible extraneous evidence. Monuments do not always control. *Brown Oil Co.* v. *Caldwell*, 35 W. Va. 95; *Clayton* v. *County Court*, 58 W. Va. 253; *Western M. & M. Co.* v. *Cannel Coal Co.*, 8 W. Va. 406. In all three of these cases, the presumption against intent on the part of the grantor to retain a long, narrow and practically useless strip of land, was held to be sufficient to overcome calls for fixed points, and to extend the conveyance beyond them, under general, or less definite, terms signifying intent to convey up to a certain boundary or dispose of all of a certain tract. The general rule subordinating calls for courses and distances to calls for monuments, has for its purpose only the ascertainment of the intent and meaning of the parties, and exceptions to it are numerous. *State* v. *Herold*, 85 S. E. 733. When the court has nothing before it, but the inconsistent calls, the call for the monument is allowed to prevail because it is deemed to be a more definite and certain expression of intention than the call for course and distance. When other circumstances appear, conclusively showing the call for the monument does not express the real intention and will not effectuate the plain purpose of the instrument, and that the calls generally regarded as inferior and less certain do ex-

press the real intent and purpose, the case falls within an exception to the rule, and the latter calls are allowed to prevail.

Here the purpose was to divide a tract of land among the owners thereof. It was not a case of sale. Partition proceeds upon the basis of equality in point of value. These two lots were obviously regarded as containing land of the same quality. Both the plat and survey call for equal areas in them, and so does the decree. The plat, survey and decree all call for a 40 pole line at the southern boundary, and, to make equality of area, a line of that length is required. For a period of about four years prior to the entry of the decree, the parties claimed under a plat and survey which purported to give equal quantities of land in these two lots. By some oversight in the actual surveying, which the surveyor is unable to explain or account for, the end lines of the irregular parallelogram constituting tract No. 2 were made too short and those of tract No. 3, too long, to make the tracts conform to the purpose and expectation of the parties, if the marked line is to control. As it is obviously inconsistent with the intention of the parties and the plain purpose of the court, disclosed by the decree read in the light of the bill and its exhibits, we are constrained to except the case from the operation of the general rule and give dominancy to the general description.

The deed from Litz to Day conveys all the former got under the decree. It, like the decree, contains two descriptions, one general and the other particular. It in terms conveys the land allotted to Litz in the partition suit and calls for a 40 pole line at the south and 87¼ acres.

The defendant, purchaser of the timber on both tracts, had been notified of the plaintiff's claim of title before it cut the trees on the strip of land in controversy, wherefore it cannot invoke estoppel.

These conclusions result in an affirmance of the judgment.

*Affirmed.*